Filed 2/4/16  In re Joseph S. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re JOSEPH S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH S.,<br><br>    Defendant and Appellant. | G050790<br><br>(Super. Ct. No. DL049350)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Julian W. Bailey, Judge.  Affirmed.

Gail Ganaja, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Sabrina Y. Lane-Erwin and Adrianne S. Denault, Deputy Attorneys General, for Plaintiff and Respondent.

Joseph S., a minor, appeals from the judgment entered after the juvenile court terminated his participation in a Deferred Entry of Judgment (DEJ) program (Welf. & Inst. Code, § 790, subd. (a); all further undesignated statutory references are to this code). Appellant was found to have committed felony arson of property (Pen. Code, § 451, subd. (d), misdemeanor vandalism (Pen. Code, § 594 subd. (a), (b)(2)(A), and misdemeanor resisting arrest (Pen. Code, § 148, subd. (a)(1)). Appellant had been in his DEJ program for only two months when he pulled a fire alarm at his high school while classes were in session – an act he concedes was "thoughtless," "risky" and "inexcusable."

Appellant nonetheless argues it was an abuse of discretion for the juvenile court to terminate his participation in the DEJ program because there was evidence he was otherwise benefitting from the program. We cannot agree. Termination of a DEJ is appropriate under three circumstances, one of which is when the court concludes "the minor . . . is not complying with the terms of the minor's probation." (§ 793, subd. (a).) In this case, one of the terms of appellant's probation was that he obey all laws, and the juvenile court expressly found that his act of pulling the fire alarm was a violation of law. Appellant does not dispute that point on appeal.

The judgment is affirmed.


FACTS


In April 2014, appellant (then 15 years old) was arrested with three other minors at an elementary school in Tustin, after police received reports of a suspected burglary. Appellant and two of the other minors had backpacks containing spray paint, rags, and bottles filled with flammable liquids. Appellant also had a cell phone containing a video of himself and the other minors lighting and throwing a Molotov cocktail.

2

In addition to apparent fire damage, the school had several damaged air conditioning units and 10 broken skylights. Appellant admitted to the police that he and the other minors broke the skylights and lit a Molotov cocktail.

The prosecutor subsequently determined appellant was eligible for DEJ and the probation department concurred, recommending the court order DEJ along with specified probation conditions.

On June 2, 2014, appellant waived his rights and admitted the allegations of the petition, as is required for DEJ. (§ 791, subd. (a)(3).) Appellant also signed a DEJ "Program Contract" that required him to "obey all laws" and expressly stated he understood he could be terminated from DEJ if "the Court determines *any of the following* to be true: [¶] I am not performing satisfactorily in the DEJ program [¶] I am not complying with the terms of this contract [¶] I am not benefitting from education, treatment, or rehabilitation [¶] I become involved in conduct that violates the law." (Italics added.)

The juvenile court found the maximum period of confinement for the offenses to be three years eight months, and ordered DEJ for a two year period, along with probation on specified terms and conditions. One of the probation conditions required appellant to "obey all laws." If appellant complied with those terms, the charges against him would be dismissed in June 2016.

The juvenile court set an initial DEJ progress review hearing for August 19, 2014. Five days before the hearing, the probation department filed a brief report reflecting appellant's "academic progress and class room behavior is excellent *except for a recent incident of pulling the fire alarm*." (Italics added.) The incident occurred during the school day, and appellant was suspended from school for two days.

The probation department recommended continuing appellant's DEJ, but the juvenile court disagreed. Based on appellant's act of pulling the fire alarm, and a finding that appellant is "a dangerous individual," the court ordered DEJ terminated. As

3

the court explained to appellant, "Your conduct in this case that brought you before the court was extraordinarily dangerous and you have now pulled a fire alarm at school and I don't believe that the limited supervision provided through this deferred entry of judgment program is appropriate." The court later clarified that its termination decision was based on the fact appellant "didn't comply with the terms of his contract. He was not benefitting from the education, treatment and rehabilitation and became involved in conduct that violated the law, to wit: pulling the fire alarm at [his] high school."

The juvenile court held a disposition hearing on September 29, 2014, and allowed appellant to put on additional evidence reflecting that he was performing well in school and had exhibited no problems other than pulling the fire alarm. Appellant then asked the court to reconsider its decision to terminate DEJ, but the court declined to do so. The court explained that "when a youth who has been given the opportunity to have deferred entry of judgment on a case as serious as [this one] pulls the fire alarm, which again is an act that is in defiance of the law, [and] causes a direct effect on the fire department . . . , he is not an appropriate person to continue on that."

The juvenile court declared appellant to be a ward of the court pursuant to section 602 and placed on formal supervised probation. He was also ordered to spend 30 days in the Orange County Juvenile Hall, consisting of 48 hours in custody followed by the balance of his commitment served at home under the Alternative Custody Program.

DISCUSSION

Appellant contends the juvenile court abused its discretion by terminating his DEJ and refusing to reinstate it. Specifically, he argues that contrary to the court's conclusion, the evidence showed (1) he was benefitting from the education, treatment or rehabilitation he was receiving under the DEJ program, and (2) his otherwise stellar performance while in the program outweighed his one inappropriate act of pulling the fire

4

alarm, thus demonstrating his overall performance in the program should be deemed satisfactory.

We find no error in the juvenile court's order. Section 793, subd. (a), sets forth *alternative* justifications for terminating DEJ: "If it appears . . . that the minor is not performing satisfactorily in the assigned program *or* is not complying with the terms of the minor's probation, *or* that the minor is not benefiting from education, treatment, or rehabilitation, the court shall lift the deferred entry of judgment and schedule a dispositional hearing." (§ 793, subd. (a), italics added.) Thus, if the court finds *any* of those things to be true, lifting the DEJ is justified.

Here, the juvenile court found not only that appellant's act of pulling the fire alarm demonstrated he was not benefitting from the education, treatment or rehabilitation offered in his DEJ program, but also that *doing so constituted a violation of law and the terms of appellant's DEJ contract*. That finding – which appellant does not dispute – necessarily demonstrates he also committed a very serious violation of the terms of his probation, which explicitly required him to obey all laws. And because such noncompliance, standing alone, justifies termination of appellant's DEJ, the court did not abuse its discretion by ordering it.

Appellant's argument, which explicitly urges that his violation of probation must be balanced against the more positive aspects of his behavior while in the DEJ program, is simply misplaced. There is no such requirement in the statute. But even if there were, that argument would have very limited persuasive effect in a case such as this, where appellant's violation of law was committed only two months into his 24 month program. Committing a new crime two months after entry into the DEJ program does not look like a satisfactory performance, no matter how it is portrayed. Instead, what it looks like is a minor who was determined to test the juvenile court's limits – and found them.

5

DISPOSITION

The judgment is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

ARONSON, J.